```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

CATHY D. BROOKS-MCCOLLUM      :     MISCELLANEOUS ACTION
                              :
    v.                         :
                              :
WAYNE BERRY et al.            :     NO. 02-MC-134

<u>ORDER</u>

       AND NOW, this 9th day of August, 2002, upon consideration of Brooks-McCollum's <u>pro</u> <u>se</u> "appeal of all recorded orders & pending orders in bankruptcy action 00-31544DWS & determinability of fraud" (docket entry # 1), which we will construe as a motion for leave to appeal, and the Court finding that:

       (a) "A motion for leave to appeal under 28 U.S.C. § 158(a) shall contain: (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto," Fed. R. Bankr. P. 8003(a);

       (b) Here, Brooks-McCollum timely filed a notice of appeal, but she did not clearly state which specific judgments, orders, or decrees she seeks leave to appeal, and she did not attach copies of those judgments, orders, or decrees as required by Fed. R. Bankr. P. 8003;[1]

---

[1] Brooks-McCollum's revised notice of appeal states that she is appealing orders in case number 00-31544(DWS), Adversary Complaint 02-397, and Adversary Complaint 02-582. We
(continued...)

(c) "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal," Fed. R. Bankr. P. 8001(a); and

(d) Because we can not evaluate the merits of Brooks-McCollum's motion for leave to appeal without knowing specifically which decisions she is appealing or having copies of those decisions to review, we direct Brooks-McCollum to file a list of the judgments she seeks leave to appeal and copies of the documents required under the bankruptcy rules;

It is hereby ORDERED that Brooks-McCollum shall by August 30, 2002 file a specific list of orders she seeks leave to appeal as well as copies of those orders or this action will be dismissed.

BY THE COURT:

_____
Stewart Dalzell, J.

---

[1](...continued)
note, however, that under Fed. R. Bankr. P. 8002(a), an appeal is timely only when the notice of appeal is filed within 10 days of the date of the entry of the judgment, order, or decree appealed from, and that pursuant to 28 U.S.C. § 158(a), we only have jurisdiction to hear appeals from final judgments, orders, and decrees or, with leave of court, from interlocutory orders and decrees.