```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

CATHY D. BROOKS-MCCOLLUM   :  MISCELLANEOUS ACTION
              :
  v.            :
              :
WAYNE BERRY et al.       :  NO. 02-MC-134

<u>ORDER</u>

AND NOW, this 29th day of January, 2003, upon consideration of appellant Cathy Brooks-McCollum's <u>pro se</u> "appeal of all recorded orders & pending orders in bankruptcy action 00-31544DWS & determinability of fraud" (docket entry # 1), her subsequent pleadings filed in compliance with this Court's Order of August 9, 2002, appellees' motion to dismiss the appeal (docket entry # 8), Brooks-McCollum's response thereto, and Judge Diane Weiss Sigmund's order of dismissal in <u>Brooks-McCollum v. Wayne Berry et al.</u>, Adversary No. 02-00397 (Bankr. E.D. Pa. May 3, 2002), and the Court finding that:

   (a) Brooks-McCollum appeals all orders entered in defendants Larry and Debra Butler's bankruptcy action and one of the adversary actions it has spawned[1];

---

[1] The procedural history of this appeal brings to mind the famous description of <u>Jarndyce and Jarndyce</u> in Charles Dickens's <u>Bleak House</u>:  "This scarecrow of a suit has, in course of time, become so complicated that no man alive knows what it means."  Brooks-McCollum has appealed all orders in two separate bankruptcy court proceedings:  Bankruptcy No. 00-31544DWS (the underlying bankruptcy case) and Adversary No. 02-00397 (complaint filed by Brooks-McCollum against the Butlers and their legal counsel). Adversary No. 02-00582, a complaint filed by the Butlers against Brooks-McCollum, is not implicated in this appeal.

   On May 7, 2002, Brooks-McCollum filed with the Clerk of Bankruptcy Court notices that she would be seeking this Court's
                    (continued...)

      (b)  The appellees' motion to dismiss argues that the entire appeal is time-barred under Fed. R. Bankr. P. 8002(a), which provides that the appellant must file a notice of appeal within ten days of the entry of the judgment, order, or decree;

      (c)  Our Court of Appeals has repeatedly held that an appellant's failure to file a timely notice of appeal deprives the district court of jurisdiction to hear the appeal, see, e.g., Shareholders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997); In re Universal Minerals, Inc., 755 F.2d 309, 311-12 (3d Cir. 1985);

      (d)  We must therefore examine the orders in each action to determine whether Brooks-McCollum has complied with the ten-day filing deadline;

      (e)  First, the docket in the underlying bankruptcy case, Bankruptcy No. 00-31544, reveals that Judge Sigmund entered her last order on March 1, 2002, well before Brooks-McCollum filed her notice of appeal in the bankruptcy court on May 10,

---

[1](...continued)
leave to appeal interlocutory orders in the bankruptcy action and in Adversary No. 02-00397.  On May 10, 2002, she filed notices of appeal in these two cases.  She then filed amended notices of appeal in both cases on May 17, 2002.  On May 20, 2002, she filed in this Court a motion for leave to appeal all interlocutory orders.  The debtors and other defendants did not oppose the motion for leave to appeal interlocutory orders, and we granted the motion on December 11, 2002.  On January 3, 2003, the appellees filed a motion to dismiss the appeal.

    We consider Brooks-McCollum's appeal of interlocutory orders in a separate Order also entered today.  In this Order, we confine ourselves to those orders, judgments, and decrees for which Brooks-McCollum was not required to seek leave to appeal.  See Fed. R. Bankr. P. 8001(a).

2002, see Mot. Dismiss Ex. A, Page 6, docket entry no. 32 (order denying Brooks-McCollum's "motion for appeal before a jury panel"), and we therefore lack jurisdiction to review any of the orders in this case;

  (f) Second, the docket in Adversary No. 02-00397 shows that Judge Sigmund entered an order granting the appellees' motion to dismiss on May 3, 2002, seven days before Brooks-McCollum's notice of appeal, see Mot. Dismiss Ex. A, Page 11, docket entry no. 10, and we therefore entertain Brooks-McCollum's appeal of this order[2];

  (g) However, after careful review of the record and order of dismissal, we find that Judge Sigmund committed no errors of law and made no clearly erroneous findings of fact;

  (h) For all the reasons that Judge Sigmund articulated in her admirably thorough order, all of the claims that Brooks-McCollum asserts in this adversary action are (1) premised on alleged violations of clearly inapplicable statutes, viz. Pennsylvania's lien priority statute and Article Nine of the Uniform Commercial Code; (2) beyond the jurisdictional grant of the bankruptcy court, viz. federal criminal statutes and Pennsylvania Rules of Professional Conduct; or (3) constitute impermissible attacks on the final order of discharge in the

---

[2] In reviewing a bankruptcy court's order, a district court reviews legal conclusions de novo and may set aside only clearly erroneous findings of fact. See Lucabaugh v. I.R.S., No. 01-2254, 2001 WL 997416, at *2 (E.D. Pa. June 26, 2001) (Newcomer, S.J.) (describing the scope of review in appellate bankruptcy proceedings).

underlying bankruptcy case, <u>see</u> Judge Sigmund's Order of May 3, 2002, at 3 n.5;

It is hereby ORDERED that:

1. The appellees' motion to dismiss is DENIED as to Judge Sigmund's Order of May 3, 2002 in Adversary No. 02-00397 and GRANTED in all other respects;

2. Judge Sigmund's Order of May 3, 2002 in Adversary No. 02-00397 is AFFIRMED; and

3. The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

_____
Stewart Dalzell, J.