```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

CATHY D. BROOKS-MCCOLLUM     :     MISCELLANEOUS ACTION
                             :     NO. 02-134
    v.                       :
                             :     CIVIL ACTION
WAYNE BERRY et al.           :     NO. 03-170

ORDER

AND NOW, this 12th day of February, 2003, upon consideration of appellant Cathy Brooks-McCollum's pro se "Motion for Correction of Order Dated January 29, 2003" (docket entry # 11), and the Court finding that:

    (a)  On January 29, 2003, we issued two orders disposing of Brooks-McCollum's "appeal of all recorded orders & pending orders in bankruptcy action 00-31544DWS & determinability of fraud" (docket entry # 1)[1];

    (b)  The motion before us argues that we erroneously neglected to address Judge Sigmund's Orders of February 25, 2002 (bankruptcy docket # 29) and March 1, 2002 (bankruptcy docket ## 29 & 32);

    (c)  We decline to reconsider our Orders of January 29, 2003;

    (d)  Although Brooks-McCollum apparently initiated an appeal of Judge Sigmund's February 25th and March 1st orders by filing a "motion for leave to appeal the fraudulent actions" of Wayne Berry et al. on March 6, 2002 (bankruptcy docket entry #

---

[1] Our Order in Miscellaneous Action No. 02-134 disposed of Brooks-McCollum's appeal of the bankruptcy court's final orders, and our Order in Civil Action No. 03-170 disposed of Brooks-McCollum's appeal of the bankruptcy court's interlocutory orders.

33), she withdrew this motion on March 8, 2002, see bankruptcy docket entry # 35;

    (e) Brooks-McCollum attempts to overcome this inconvenient fact by contending that we should have construed the complaint she filed against Wayne Berry et al. on March 8, 2002 as a reassertion of her intention to appeal these orders;

    (f) This argument ignores the text of Fed. R. Bankr. P. 8001(a), which provides, inter alia, that the notice of appeal must "conform substantially to the appropriate Official Form";

    (g) Even if we could construe Brooks-McCollum's complaint of March 8, 2002 as a notice of appeal, we could not review these two orders because she failed to comply with Fed. R. Bankr. P. 8006 and 8009;

    It is hereby ORDERED that appellant's motion for correction of order is DENIED.

                                      BY THE COURT:

                                      _____
                                      Stewart Dalzell, J.